# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

SHANE A. HARROLD,

        Petitioner,

v.

SUPERINTENDENT,

        Respondent.

Civil Action No. 3:13-CV-98-JVB

## OPINION AND ORDER

      Shane A. Harrold, a prisoner proceeding pro se, filed this habeas corpus petition to challenge his conviction for murder and the sixty-five-year sentence he received in the Huntington Circuit Court, under cause number 35C01-0101-CF-3. However, a habeas corpus petition that challenges a state-court conviction is subject to a one-year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Question 16 on the habeas corpus form includes the full text of § 2244(d) and asks the petitioner to explain why the petition is timely. Nothing in his response to that question, nor anything else in these filings, indicates that the state prevented Harrold from filing

a habeas petition sooner, that his claims are based on a newly recognized Constitutional right, or that his claims are based on newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Harrold states in his petition that he took a direct appeal that concluded when the Indiana Supreme Court denied his petition to transfer on October 23, 2006. Harrold did not petition the United States Supreme Court for certiorari, so his conviction became final when the deadline for doing so passed on January 22, 2007. *See Gonzalez v. Thaler*, 565 U.S. __; 132 S. Ct. 641, 653–54 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). Thus, on January 23, 2007, the one-year period of limitation began. A year later, on January 23, 2008, the time for filing a habeas corpus petition expired. Though a pending post-conviction relief petition tolls the one-year period of limitation, because the allowable time for filing a habeas corpus petition had already expired by the time that Harrold filed his post-conviction relief petition on April 26, 2008, it was too late to affect the timeliness of this habeas corpus petition. Harrold signed this habeas corpus petition on January 24, 2013, nearly five years after the expiration of the time for filing a habeas corpus petition. Therefore this petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether

the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed after the expiration of the one-year period of limitation. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED** on February 21, 2013.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE